UNITED STATES DISTRICT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Joseph C. Sansone Co., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 05-CV-01570 RWS |
| | ) |
| Dow Corning Corporation, | ) |
| | ) |
| Defendant. | ) |

**STIPULATED PROTECTIVE ORDER**

Because pretrial discovery in this case may require the disclosure of information and production of documents containing confidential, proprietary or competitively sensitive information of Joseph C. Sansone Co. and/or Dow Corning Corporation (the "Named Parties") and parties not named in this lawsuit that will or have been subpoenaed in this matter (the "Subpoenaed Nonparties"), including documents and information subject to prior confidentiality agreements or orders applicable to the appeals and proceedings between the City of Midland and Dow Corning Corporation before the Michigan Tax Commission and the Michigan Tax Tribunal during the period of 1996 through 2004, as well as other documents and information which is deemed confidential or restricted by other agreements to which any of the Named Parties and Subpoenaed Nonparties are subject, and in order to facilitate discovery in this litigation, the Court, at the request of the Named Parties, enters the following Protective Order.

1. In the course of discovery, the Named Parties and Subpoenaed Nonparties may produce to each other certain information and documents that include confidential information of the Named Parties or of Subpoenaed Nonparties which is deemed confidential or restricted by other agreements which bind any of the Named Parties or Subpoenaed Nonparties,

including, but not limited to, information regarding (1) taxes, assessments or notices of requested assessments by the City of Midland relating to Dow Corning's real or personal property, (2) any actions, appeals or petitions challenging such taxes, assessments or notices of requested assessments, and (3) any studies, evaluations, inventories, audits, or appraisals of Dow Corning's real or personal property and (4) any other information currently protected by other confidentiality agreements or protective orders applicable to the proceedings between the City of Midland and Dow Corning before the Michigan Tax Commission or the Michigan Tax Tribunal. Any Named Party or Subpoenaed Nonparty disclosing any such information which the Named Party or Subpoenaed Nonparty believes to be confidential shall designate it as "Confidential" (hereinafter "Confidential Information").

2. Documents, discovery responses and materials and deposition testimony designated as Confidential Information shall be subject to the provisions of this Stipulated Protective Order.

3. All copies of documents, discovery responses or other materials produced and designated as Confidential Information, and all transcripts of depositions in which Confidential Information has been designated, shall have stamped thereon "Confidential" in a place or manner which avoids any interference with the legibility of the material.

4. Documents, discovery responses, deposition transcripts and materials designated as Confidential Information and stamped "Confidential" pursuant to paragraphs 1, 2 and 3 and the information contained therein shall be used only in connection with the prosecution or defense of this litigation and may be disclosed only as follows:

    A. Confidential Information may be disclosed to, and used by, the Named Parties, their attorneys, and to members of the paralegal, secretarial or clerical staff

(including shorthand reporters) assisting such counsel as necessary for the prosecution or defense of the claims herein. All attorneys, employees of the Named Parties, and paralegal, secretarial or clerical staff members shall be advised of this Stipulated Protective Order and shall agree to be bound by its terms before receiving any Confidential Information.

        B.    Counsel may disclose Confidential Information to independent experts specifically retained for the purposes of this litigation. Each independent expert who has been shown or given access to Confidential Information, or information derived therefrom, shall agree to be bound by the terms and provisions of this Stipulated Protective Order and shall so signify by executing a Confidentiality Agreement in the form attached to this Stipulated Protective Order as Exhibit A. Signed Confidentiality Agreements shall be retained by counsel for the Named Party who provides such material or information to such person and shall upon request be provided to counsel for the other Named Parties. In addition, counsel for the Named Party who provides such material or information to any independent expert shall be responsible to ensure that all Confidential Information and any notes made therefrom are retrieved and destroyed at the conclusion of this litigation and certify that such destruction has taken place as provided in paragraph 7 of this Stipulated Protective Order.

        C.    Except as provided in subparts A and B of this paragraph, the Named Parties, their counsel, and others with permitted access to the Confidential Information shall not disclose it to any person or use it for any purpose except the prosecution or defense of this litigation. No copies of Confidential Information shall be provided to persons who are not otherwise entitled to access to such documents.

        5.    Subject to the limitations in this Stipulated Protective Order, Confidential Information may be used or elicited in Named Party depositions. The use of Confidential

Information in the taking of depositions shall not cause such documents or information to lose their status as Confidential Information. Pages of any deposition transcripts containing Confidential Information shall be so marked and treated as Confidential Information under this Stipulated Protective Order.

6. All Confidential Information filed as exhibits to any brief, memorandum, or pleading, and all depositions filed with the Court in which Confidential Information is disclosed or discussed, by way of testimony, exhibits or otherwise, shall be filed with the Court under seal and shall be marked with the following legend: "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER."

7. After termination of this litigation, whether by trial, appeal, settlement or otherwise, the provisions of this Stipulated Protective Order with respect to the dissemination of Confidential Information shall continue to be binding. All copies of such information received by counsel, including all notes with respect to such information, shall be destroyed at the termination of this litigation and counsel shall certify in writing to counsel for the other Named Party that such documents have been destroyed. It is stipulated and agreed that the Court shall retain jurisdiction over the Named Parties and recipients of Confidential Information for enforcement of the provisions of this Stipulation and Protective Order following termination of this litigation.

8. Nothing in this Stipulated Protective Order shall be deemed or construed to be a waiver by any Named Party of its right to object on any grounds to the use of any Confidential Information, or any portions thereof, at the trial of this matter.

9. Documents, discovery responses or materials designated as Confidential Information may be copied or otherwise reproduced without the permission of the producing

Named Party or an Order of the Court by persons entitled to receive such information pursuant to paragraphs 3, 4, or 5 of this Stipulated Protective Order, provided that the use of such copies is restricted in accordance with this Stipulated Protective Order. All copies so made shall be deemed Confidential Information under the terms of this Stipulated Protective Order and shall be destroyed at the termination of this litigation as provided in Paragraph 7 herein.

        10. In the event a Named Party contends that the information and documents produced pursuant to this Stipulated Protective Order should not have the limitations on disclosure contained herein, then the Named Parties may so agree in writing, or, if the Named Parties cannot reach agreement, the Named Party challenging the designation may apply to this Court for a ruling concerning whether said information or documents constitutes Confidential Information.

        11. By stipulating to entry of this Protective Order no Named Party is stipulating that any documents or information designated by the opposing/producing Named Party as Confidential Information is, in fact, confidential in nature.

        12. This Stipulated Protective Order shall be binding upon the Named Parties hereto, their successors, representatives and assigns, as well as all counsel for the Named Parties hereto and their paralegals and office employees.

        13. The restriction imposed by this Stipulated Protective Order are subject to modification or termination by written stipulation of the Named Parties or by Order of this Court.

        Dated this 25th day of May, 2006.

Agreed:

By: /s/ Charles A. Weiss
Charles A. Weiss, #4674
Christopher J. Schmidt, #117790
211 N. Broadway, Suite 3600
St. Louis, MO 63102
(314) 259-2215
Facsimile: (314) 259-2020

Patrick J. Boyle, #36943, #2687
Gunn and Gunn, P.C.
11901 Olive Blvd., Suite 312
P. O. Box 419002
St. Louis, MO 63141
(314) 432-4550
(314) 432-4489 (Fax)

Attorneys for Plaintiff
Joseph C. Sansone Co.

Agreed:

By: /s/ Carl J. Pesce
Richard A. Mueller, #3909
Carl J. Pesce, #22946
One US Bank Plaza
St. Louis, Missouri 63101
(314) 552-6000
(314) 552-7000 (fax)

Attorneys for Defendant
Dow Corning Corporation

SO ORDERED:

By: [signature]
United States District Judge

## EXHIBIT A

THIS AGREEMENT is made and entered into as of _____ \_\_, 2006 by and between _____ ("DISCLOSER") and _____ [consultant] ("DISCLOSEE").

DISCLOSER has requested that DISCLOSEE review certain Protected Information produced in the matter *Joseph C. Sansone Co., Plaintiff, and Dow Corning Corporation, Defendant,* Case No. 4:04-CV-1570RWS, pending in the United States District Court for the Eastern District of Missouri. Such information is to be disclosed pursuant to the Stipulated Protective Order attached hereto.

DISCLOSER will provide certain confidential information to DISCLOSEE for the sole purpose of DISCLOSEE providing expert consultation and/or testimony in the above-mentioned litigation on the condition that DISCLOSEE shall maintain all such Confidential Information and any notes made therefrom in the strictest of confidence. DISCLOSEE shall not disclose the Protected Information or any notes made therefrom absent specific consent from DISCLOSER. All persons to whom such information is disclosed at the direction of DISCLOSER must be provided copies of this agreement, as well as the Stipulated Protective Order in this litigation.

IN WITNESS WHEREOF, the Named Parties hereto have executed this Agreement as set forth below.

DISCLOSER: _____   DISCLOSEE: _____

By: _____   By: _____

Name: _____   Name: _____

Title: _____   Title: _____

Date: _____, 2006       Date: _____, 2006